UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANUJOY D. PANDIT and<br>DEBORA A. PANDIT, individually,<br>and on behalf of others similarly situated,<br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br>　　　　　　　　　　　　Defendant. | Case No. 2:11-cv-03935-JS-GRB<br><br>Hon. Joanna Seybert, U.S.D.J.<br>Hon. Gary R. Brown, U.S.M.J. |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), as Stipulated by and between Plaintiffs Ranujoy and Debora Pandit ("*Plaintiffs*") and Defendant Saxon Mortgage Services, Inc. ("*Saxon*") (individually "*Party*" and collectively "*Parties*"), and on good cause shown as described below, it is:

**ORDERED** that this Stipulated Protective Order ("*Order*") shall apply as follows:

1.　**Confidential Data Designation**.  All data, information or documents that are produced or provided by any Party and that are reasonably believed to be confidential, proprietary, non-public, or trade secret material ("*Confidential Data*") may be designated as "**CONFIDENTIAL**", and such Confidential Data and all copies shall be treated as confidential, subject to the other provisions of this Order.

2.　**Highly Confidential Designation**.  A Party also may designate selected Confidential Data as "**HIGHLY CONFIDENTIAL**," provided such Confidential Data requires the highest level of protection because of its peculiarly sensitive contents, disclosure of which would tend to cause material harm to a Party's business or competitive position.  All data designated "**HIGHLY CONFIDENTIAL**" shall be afforded the protections applicable to data

1

designated "**CONFIDENTIAL**," and further shall be afforded the protections provided herein with respect to "**HIGHLY CONFIDENTIAL**" data.

3. **Use**. All Confidential Data shall be used solely for purposes of this action and for no other purpose. No publication or dissemination of any Confidential Data to any person or by any means shall be permitted except as specifically provided by this Stipulated Protective Order.

4. **Party Data**. Any Party may use or be shown its own Confidential Data without execution of a Confidentiality Certificate and nothing in this Order shall impose any restriction on the use or disclosure by a Party of its own Confidential Data.

5. **Discovery Material**. A Party desiring to declare discovery materials (including but not limited to documents, answers to interrogatories, answers to admissions, deposition answers/transcripts, or other things, data, or information produced in discovery in this action) or any portion of it as Confidential Data, shall designate or declare, at or about the time of production, that such materials are "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" or some substantially similar designation.

6. **Deposition Designations**. At the time of a deposition, or within thirty (30) days after receipt of a deposition transcript, a Party may designate as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" specific portions of the transcript. The designation shall be made in writing stating the designated page numbers and lines from the deposition transcript, and shall be served upon all counsel of record if not made of record during the deposition. Any portions of the transcript designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" shall be treated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" in accord with this Order.

7. **Filing Under Seal**. A Party wishing to use any Confidential Data designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" in any pleading or filing with the Court in this action shall file it under seal with the notation that the sealed filing is "**CONFIDENTIAL**", and "*Subject to Stipulated Protective Order Entered [date]*".

8. **Access to Confidential Data Generally**. Confidential Data disclosed in this action shall be restricted solely to the following persons, unless and until the Court rules, under the terms of this Order or the provisions of applicable law, that any so designated Confidential Data is not confidential or is required to be disclosed beyond the limits permitted by this Order:

(a) The attorneys of record for the Parties and their legal, paralegal, and clerical employees;

(b) The Court and Court personnel;

(c) Court reporters and videographers as required in the course of a deposition or court proceeding;

(d) Any person called as a witness at a deposition or court proceeding in this action, but only for the purpose of assisting in the preparation or examination of the witness;

(e) Actual or potential independent experts or consultants retained by a Party; and

(f) Independent support services personnel for counsel for the Parties who are providing services, such as photocopying, imaging and coding, and exhibit preparation, solely for the purpose of assisting a Party in this action.

9. **Access Generally to Confidential Data Designated Highly Confidential**. Except as provided below in Section 11, any Confidential Data designated as "**HIGHLY CONFIDENTIAL**" shall be restricted solely to the following persons, unless and until the

3

Court, and after hearing and/or briefing, and under the terms of this Order or the provisions of applicable law, rules that such Confidential Data designated "**HIGHLY CONFIDENTIAL**" should not be so designated:

- (a) The attorneys of record for the Parties and their legal, paralegal, and clerical employees;

- (b) The Court and Court personnel, provided the documents are filed under seal;

- (c) Court reporters and videographers as required in the course of a deposition or court proceeding;

- (d) The Parties, except limited to viewing and not retaining any copies; and

- (e) Independent experts or consultants who are not regularly employed by a Party and who have been expressly retained (or considered for retention, if the disclosure relates to such retention) to assist a Party's counsel in the prosecution or defense of the litigation, and the secretarial, technical, and clerical staff of such experts.

10. **Identification of Witnesses to Which Highly Confidential Designation Is Implicated.** Within seven (7) days after a deposition is noticed, any Party may designate that witness as a witness for which the "**HIGHLY CONFIDENTIAL**" designation is applicable. This designation shall only be made in good faith. For any witness not so identified, "**HIGHLY CONFIDENTIAL**" documents may be used with those witnesses in the same manner as "**CONFIDENTIAL**" documents.

11. **Additional Access to Confidential Data Designated Highly Confidential.** To the extent that a Party intends to disclose any Confidential Data designated as "**HIGHLY CONFIDENTIAL**" to any person(s) other than those listed above in Section 9, if such person has been designated under Section 10, that Party must at least five (5) days prior first notify the

designating Party, and the Parties shall thereafter engage in a good faith discussion to determine whether the intended disclosure might give rise to the sensitive or competitive issues the designation is designed to protect. A producing Party shall not unreasonably withhold agreement to use "**HIGHLY CONFIDENTIAL**" documents upon notice by another Party. Failing an agreement, the Parties shall proceed according to the terms of Section 13 below. If, however, the intent to disclose any Confidential Data designated as "**HIGHLY CONFIDENTIAL**" first arises during the questioning of a sworn witness previously identified under Section 10 above, the designating Party agrees to evaluate in good faith at that time the potential impact of such disclosure, that it might be permitted.

12. **Confidentiality Certification**. Before any Confidential Data is disclosed to any of the persons designated above in Section 8(d) – (f), Section 9(b) – (e), or Section 11, each such person shall be given a copy of this Order and shall execute an agreement to be bound by its terms in the form attached as Exhibit "A" ("*Confidentiality Certificate*"). A copy of both this Order and the Confidentiality Certificate shall be attached to any document subpoena. At the start of each deposition, the witness shall be advised of this Order and asked to sign the Confidentiality Certificate. The witness shall also be advised that he or she is bound by the terms of this Order, regardless of whether he or she executes the Confidentiality Certificate. Subject to the provisions of Section 9, Section 10, and Section 11, the refusal of a witness to execute a Confidentiality Certificate shall not prohibit a Party from using Confidential Data in deposition or trial testimony with such witness. Confidentiality Certificates shall be retained by the Party disclosing Confidential Data to such person.

13. **Challenges to Designations**. A Party may disagree with a designation as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" by advising the designating Party in

writing. A Party may not challenge any such designation unless that Party has a good faith basis for believing that a determination needs to be made. The Parties shall first try to resolve such dispute in good faith on an informal basis, such as through production of redacted copies. If the parties are unable to resolve the disagreement, the party seeking confidentiality shall promptly and no later than ten (10) days after receipt of the written challenge move the Court for a protective order, and the Parties shall continue to treat the disputed material as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**," according to its designation pursuant to this Order until the Court resolves the issue. If no such motion is made within ten (10) days after receipt of the written challenge, then the disputed material shall be deemed non-confidential, and the Confidentiality designation shall be deemed withdrawn.

      14. **Compliance**. All Parties shall comply with the restrictions imposed by this Order and submit to the jurisdiction of this Court for the limited purpose of securing compliance with the terms of this Order.

      15. **Maintenance and Control**. Counsel for any Party, person, or entity who obtains or gains access to Confidential Data – whether directly or indirectly, by viewing any part of the Confidential Data or by learning of their contents by oral disclosure or any other means – shall maintain, possess, and control such Confidential Data so that it is not accessible to individuals not bound by this Order. Such counsel shall not, in any way, communicate such Confidential Data to any Party, persons or entities not authorized to have access to such Confidential Data.

      16. **Inadvertent Production.**

          (a) **No Waiver As To Confidentiality Designations**. Inadvertent or unintentional production of any data, including deposition testimony, that does not contain a designation as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**", regardless of whether

the data is so designated at the time of disclosure, will not be deemed a waiver, in whole or in part, of a Party's prior or subsequent claim of confidentiality. A Party that inadvertently produces data without designating it as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" may promptly upon discovery designate such information as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**," and each Party thereafter shall treat the Confidential Data in accordance with the later designation, and shall make a reasonable good faith effort to ensure that any analysis, memoranda, or notes that were internally generated based upon such data is in the future treated in conformity with the new designation.

(b) If a Party produces two or more identical or substantially identical copies of a document, and any copy is designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" while one or more other copies are not so designated, all such identical or substantially identical documents that the receiving Party intends to use shall be treated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" upon, but only upon, the receiving Party obtaining actual knowledge of the inconsistent designation. Upon notice by the receiving Party, the producing Party shall be responsible for identifying and replacing all such identical documents.

(c) **Clawback of Inadvertently Produced Data**. "Inadvertently Produced Data" are all data, information, or documents that are produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege or protection. Inadvertently Produced Data shall be protected as follows:

7

      i.      Inclusion of any Inadvertently Produced Data in a production shall not result in the waiver of any privilege or protection associated with such data, and shall not result in a subject-matter waiver of any kind.

      ii.      A producing Party may demand the return of any Inadvertently Produced Data, which demand shall be made to the receiving Party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Data.  Within five (5) business days of the demand for the Inadvertently Produced Data, the producing party shall provide the receiving party with a privilege log for such document or other data that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Data.  In the event that any portion of the Inadvertently Produced Data does not contain privileged information, the producing party also shall provide a redacted copy of the Inadvertently Produced Data that omits the information that the producing party believes to be subject to a claim of privilege.

      iii.      Upon receipt of a written demand for return of Inadvertently Produced Data, the receiving party shall immediately return the Inadvertently Produced Data (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document or other data.

      iv.      The receiving party may object to the producing party's designation of Inadvertently Produced Data by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of Inadvertently Produced Data.  Any such objection shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Data, but shall not otherwise affect the obligations of the parties hereunder.  Pending

A/75604087.10

resolution of the matter by the Court, the parties shall not use any documents or other data that are claimed to be Inadvertently Produced Data in this litigation.

17. **No Admissions**.  Nothing in this Order shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any data, documents, testimony, or other evidence in this action.  This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular data or information is or is not discoverable or admissible in this case, and such right is expressly reserved.  Nothing in this Order or any designation under it, or any failure to make such designation, shall be used or characterized by any Party as an admission of anything.

18. **Survival**.  This Order shall survive any settlement, judgment or other disposition or conclusion of this action and all appeals, and the Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

19. **Duty on Action's Termination**.  Not more than forty-five (45) days after the final termination of this action, whether by final judgment, or settlement, including the expiration of any time for appeal:

(a) Counsel for each Party, and each Party, person, or entity who obtains Confidential Data subject to this Order, shall immediately destroy all such Confidential Data in its possession, custody or subject to its control, except that all such material constituting the work product of litigation counsel may, in the alternative, be maintained by such counsel in its possession subject to this Order; and

(b) Subject to the terms of this Order, the Parties and their counsel may retain an archival copy of Confidential Data as well as copies of briefs and other papers filed with the

Court that contain or constitute such Confidential Data.  Any such documents, briefs, and other papers shall continue to be treated pursuant to the terms of this Order.

20. **Enforcement**.  A Party may seek any appropriate remedies and/or sanctions from the Court for any violations of this Order, or to enforce its terms.

21. **Amendment**.  This Order may only be modified or amended in a writing signed by the Parties and Ordered by this Court.

22. **Counterparts**.  This Order may be signed by the Parties in counterparts, with all counterparts together constituting one Order.

23. **Governing Law**.  This Order is made and shall be continued in accord with the laws of the United States and the State of New York.

24. **Continuing Jurisdiction**.  The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

IN WITNESS WHEREOF, the Parties have caused this Order to be executed by their duly authorized representatives.

A/75604087.10

**STIPULATED AND AGREED:**

**THE LAW OFFICE OF KEITH ALTMAN**  **BINGHAM MCCUTCHEN LLP**

| | |
|---|---|
| _/s/ Keith Altman_____ | _/s/ Jason R. Scherr_____ |
| Keith Altman | Jason R. Scherr |
| 32250 Calle Avella | 2020 K Street NW |
| Temecula, CA 92592 | Washington, DC 20006 |
| Telephone: (516) 456-5885 | Telephone: 202-373-6000 |
| kaltman@lawampmmt.com | jr.scherr@bingham.com |
| | |
| -and- | Colleen J. O'Loughlin |
| | 399 Park Avenue |
| **CHITTUR & ASSOCIATES, P.C.** | New York, NY 10022 |
| Krishan Shanker Chittur | Telephone: 212-705-7300 |
| 286 Madison Avenue | colleen.oloughlin@bingham.com |
| Suite 1100 | |
| Telephone: (212) 370-0447 | *Attorneys for Defendant* |
| kchittur@chittur.com | |

*Attorneys for Plaintiffs*


**SO ORDERED** this _____ day of _____, 2013.

                                                        _____

11

A/75604087.10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANUJOY D. PANDIT and<br>DEBORA A. PANDIT, individually,<br>and on behalf of others similarly situated,<br><br>                      Plaintiffs,<br><br>            v.<br><br>SAXON MORTGAGE SERVICES, INC.,<br><br>                      Defendant. | Case No. 2:11-cv-03935-JS-GRB<br><br>Hon. Joanna Seybert, U.S.D.J.<br>Hon. Gary R. Brown, U.S.M.J. |

## **DECLARATION**

      I certify that I have read the Stipulated Protective Order that has been entered in this case and a copy of it has been given to me. I understand the provisions of the Stipulated Protective Order and I agree to comply with and to be bound by its provisions.


_____

_____[Print Name]


_____[Print Address]

Dated: _____